12-Person Jury

Firm No. 48852

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
9/5/2018 2:40 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2018L009602

| | |
|---|---|
| BENNIE VENTO, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2018L009602 |
| SUPERION, INC. an Illinois corporation and NOE RIVERE-CARDOZA, individually and as agent of SUPERION, INC., | ) *Plaintiff Demands Trial By Jury* |
| Defendants. | ) |

## COMPLAINT AT LAW

Plaintiff, BENNIE VENTO, JR., through his attorneys, SCHIFF GORMAN LLC, complaining of Defendants, SUPERION, INC., an Illinois corporation and NOE RIVERE-CARDOZA, individually and as agent of SUPERION, INC., states as follows:

This is a re-filed Complaint.

### Allegations Common to All Counts

1. Plaintiff, BENNIE VENTO, JR. (hereinafter VENTO) is a resident of the State of Missouri.

2. At all times relevant herein, Defendant SUPERION, INC. (hereinafter SUPERION) was an Illinois corporation, authorized to do business in the State of Oklahoma, with its principle business offices in Cook County, Illinois.

3. At all times relevant herein, SUPERION operated a business as a motor carrier and employer registered with the United States Department of Transportation (USDOT), 2118802.

1

EXHIBIT 1

FILED DATE: 9/5/2018 2:40 PM 2018L006502

4. At all times relevant, it was the policy of SUPERION to have its drivers and employees abide by the USDOT Federal Motor Carrier Safety Regulations (hereinafter FMCSR), as defined in 49 C.F.R. § 390.5 and elsewhere therein.

5. At all times relevant herein, Defendant NOE RIVERE-CARDOZA (hereinafter RIVERE-CARDOZA) was a resident of the City of Stickney, County of Cook, State of Illinois.

6. On February 24, 2016, and at all times relevant herein, Interstate 44 was a public highway running in a generally east-west direction in the City of Tulsa, State of Oklahoma.

7. At the aforementioned time and place, VENTO was operating a tractor-trailer in a westbound direction on Interstate 44 in the City of Tulsa, State of Oklahoma.

8. At the time and place aforesaid, and at all times relevant herein, RIVERE-CARDOZA was operating a tractor-trailer for the use and benefit of SUPERION.

9. The tractor-trailer operated by RIVERE-CARDOZA was a "commercial motor vehicle" as that term is defined by the FMCSR, specifically 49 C.F.R. § 390.5.

10. The tractor-trailer operated by RIVERE-CARDOZA was owned and maintained by SUPERION.

11. At the time and place aforesaid, Defendant RIVERE-CARDOZA was operating the tractor-trailer in a westbound direction on Interstate 44 directly behind VENTO's tractor-trailer.

12. At the time and place aforesaid, and at all times relevant herein, Defendant RIVERE-CARDOZA was an "employee" of SUPERION and a "driver" of a "commercial motor vehicle" as those terms are defined by the FMCSR, specifically 49 C.F.R. § 390.5.

2

13. At the time and place aforesaid, and at all times relevant herein, Defendant SUPERION was the "employer" of RIVERE-CARDOZA and a "motor carrier" as those terms are defined by the FMCSR, specifically 49 C.F.R. § 390.5.

14. At the time and place aforesaid, and at all times relevant herein, Defendant RIVERE-CARDOZA operated under the authority of Defendant SUPERION's USDOT number 2118802.

15. At the aforementioned time and place, the front of the tractor-trailer operated by RIVERE-CARDOZA collided with the rear of the vehicle operated by VENTO.

16. As a result of said collision, VENTO was injured and sustained damages.

17. After said rear-end impact, VENTO attempted to leave the highway to park his vehicle in a safe area so as to exchange information with RIVERE-CARDOZA.

18. RIVERE-CARDOZA forced VENTO's vehicle off the road, exited the tractor and then verbally assaulted and physically attacked VENTO with a "night stick."

19. As a result of said attack, VENTO was injured and sustained damages.

20. At the time and place aforesaid, and at all times relevant herein, Defendant RIVERE-CARDOZA was acting in the course and scope of his employment relationship with SUPERION.

## COUNT I – Vicarious Liability – SUPERION, INC.

1-20. Plaintiff restates and realleges paragraphs 1 through 20 of the Allegations Common to All Counts as paragraphs 1 through 20 of Count I as though fully set forth.

3

21. At all times relevant herein, Defendants SUPERION and RIVERE-CARDOZA, and each of them, had a duty to operate the tractor trailer with reasonable care and caution so as not to injure persons or property lawfully on the road.

22. Notwithstanding said duties, and in breach thereof, Defendants SUPERION and RIVERE-CARDOZA, and each of them, were guilty of one or more of the following negligent acts and/or omissions:

   a. Operated the tractor-trailer at a speed greater than reasonable in violation of 625 ILCS 5/11-601 and therefore a violation of FMCSR § 392.2; or

   b. Operated the tractor-trailer at a speed greater than reasonable in violation of FMCSR § 383.111(9); or

   c. Failed to keep a proper lookout, failed to reduce speed, and failed to stop or alter the course of the tractor-trailer so as to avoid hitting the vehicle directly in front; or

   d. Failed to give proper warning of the approach of the tractor-trailer; or

   e. Failed to exercise due care by avoiding a collision; or

   f. Followed the vehicle directly in front more closely than was reasonable and prudent, contrary to and in violation of 625 ILCS 5/11-710 and therefore a violation of FMCSR § 392.2; or

   g. Followed the vehicle in front more closely than was reasonable and prudent in violation of FMCSR § 383.111 (10); or

   h. Failed to pay attention to the road while operating a commercial motor vehicle.

23. As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendants SUPERION and RIVERE-CARDOZA, and each of

4

them, the front of the vehicle operated by RIVERE-CARDOZA collided with the rear of the vehicle operated by VENTO.

24. As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of SUPERION, INC. and RIVERE-CARDOZA, and each of them, Plaintiff BENNIE VENTO, JR. then and there sustained severe and permanent injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to his injuries and was and will in the future prevent him from attending to his duties and affairs, and has lost and will in the future cause him to lose the value of that time.

WHEREFORE, Plaintiff, BENNIE VENTO, JR. demands judgment against Defendant SUPERION, INC., for the acts or omissions of NOE RIVERE-CARDOZA, in an amount in excess of the jurisdictional limits of this Court as well as costs concomitant with this lawsuit.

## COUNT II – Negligence – SUPERION, INC.

1-20. Plaintiff restates and realleges paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count II as though fully set forth.

21. At all times relevant herein, Defendant SUPERION had a duty to make sure that its drivers, including RIVERE-CARDOZA, were knowledgeable of the applicable Federal Motor Carrier Safety Regulations and had the requisite skills, training and disposition to safely operate its tractor trailers with reasonable care and caution so as not to injure persons or property lawfully on the road.

22. At all times relevant herein, SUPERION knew or should have known that RIVERE-CARDOZA was not knowledgeable about the Federal Motor Carrier Safety

5

Regulations and that RIVERE-CARDOZA did not have the qualifications, skills or temperament required to safely operate a commercial motor vehicle.

23. Notwithstanding said duty, and in breach thereof, SUPERION allowed and empowered RIVERE-CARDOZA to operate its commercial vehicle and therefore was negligent in one or more of the following ways through its acts and/or omissions:

> a. failed to exercise reasonable care in the hiring, training, supervision, and retention of RIVERE-CARDOZA, specifically, where said Defendant knew, or in the exercise of reasonable care should have known that RIVERE-CARDOZA was not properly trained and should not have been retained to operate a commercial vehicle; or
>
> b. carelessly entrusted the vehicle to a person without the skill, knowledge, temperament, and training commensurate with safely operating a tractor trailer in compliance with the FMCSR and the State laws governing such operation; or
>
> c. knew or should have known of RIVERE-CARDOZA's propensity for violence and to commit bodily harm to persons lawfully on the roadways.

24. As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendant SUPERION, the front of the vehicle operated by RIVERE-CARDOZA collided with the rear of the vehicle operated by VENTO.

25. As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of SUPERION, BENNIE VENTO, JR. then and there sustained severe and permanent injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to his injuries and was and will in the future prevent him from attending to his duties and affairs, and has lost and will in the future cause him to lose the value of that time.

WHEREFORE, Plaintiff, BENNIE VENTO, JR. demands judgment against Defendant, SUPERION, INC., in an amount in excess of the jurisdictional limits of this Court as well as costs concomitant with this lawsuit.

### COUNT III – Negligence- RIVERE-CARDOZA

1-23. Plaintiff restates and realleges paragraphs 1 through 23 of Count I as paragraph 1 through 23 of Count III.

24. As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of RIVERE-CARDOZA, Plaintiff BENNIE VENTO, JR. then and there sustained severe and permanent injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to his injuries and was and will in the future prevent him from attending to his duties and affairs, and has lost and will in the future cause him to lose the value of that time.

WHEREFORE, Plaintiff, BENNIE VENTO, JR. demands judgment against Defendant NOE RIVERE-CARDOZA, in an amount in excess of the jurisdictional limits of this Court as well as costs concomitant with this lawsuit.

### COUNT IV – Civil Assault – ALL Defendants

1-23. Plaintiff restates and realleges paragraphs 1 though 23 of Count I as paragraph 1 through 23 of Count IV.

24. Following the rear-end crash, RIVERE-CARDOZA exited the tractor and ran towards VENTO's vehicle, brandishing a night stick, and began beating on VENTO's vehicle smashing VENTO's driver's windshield and driver's door thereby demonstrating his ability and intention to harm VENTO.

25. RIVERE-CARDOZA told VENTO that he would "beat him to a pulp."

7

26. By aggressively approaching, verbally accosting and physically confronting VENTO, RIVERE-CARDOZA acted with intent of making harmful and offensive contact with VENTO.

27. RIVERE-CARDOZA's intentional actions placed VENTO in apprehension of immediate harmful and offensive contact.

28. As a direct and proximate cause of the actions of RIVERE-CARDOZA and SUPERION, and each of them, BENNIE VENTO, JR. then and there sustained severe and permanent injuries which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to his injuries and was and will in the future prevent him from attending to his duties and affairs and has lost and will in the future cause him to lose the value of that time.

WHEREFORE, Plaintiff, BENNIE VENTO, JR. demands judgment against Defendant, SUPERION, INC. and NOE RIVERE-CARDOZA, and each of them, in an amount in excess of the jurisdictional limits of this Court as well as punitive damages and costs concomitant with this lawsuit.

## COUNT V – Civil Battery – All Defendants

1-27. Plaintiff restates and realleges paragraphs 1 though 27 of Count IV as paragraphs 1 through 27 of Count V

28. RIVERE-CARDOZA intentionally struck VENTO's person with the night stick, acting with the intent of making physical, harmful and offensive contact with VENTO's body.

29. VENTO did not consent to any physical contact by RIVERE-CARDOZA.

8

30. As a direct and proximate cause of the actions of RIVERE-CARDOZA, Plaintiff BENNIE VENTO, JR. then and there sustained severe and permanent injuries which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to his injuries and was and will in the future prevent him from attending to his duties and affairs, and has lost and will in the future cause him to lose the value of that time.

WHEREFORE, Plaintiff, BENNIE VENTO, JR. demands judgment against Defendant SUPERION, INC. and NOE RIVERE-CARDOZA, and each of them, in an amount in excess of the jurisdictional limits of this Court as well as punitive damages and costs concomitant with this lawsuit.

## COUNT VI – Intentional Infliction of Emotional Distress – All Defendants

1-29. Plaintiff restates and realleges paragraphs 1 though 29 of Count V as paragraph 1 through 29 of Count VI

30. The conduct of SUPERION and RIVERE-CARDOZA as described herein was extreme and outrageous, that is, attacking a person with a weapon after a motor vehicle collision.

31. RIVERE-CARDOZA intended, or knew that his conduct had a high probability to cause VENTO emotional distress.

32. VENTO did in fact suffer severe and extreme emotional distress necessitating treatment.

33. As a direct and proximate cause of the outrageous conduct of SUPERION and RIVERE-CARDOZA, Plaintiff BENNIE VENTO, JR. then and there sustained severe and permanent emotional distress which necessitated the expenditure and will in the future

9

necessitate the expenditure of large sums of money for medical care and services related to his injuries and was and will in the future prevent him from attending to his duties and affairs, and has lost and will in the future cause him to lose the value of that time.

WHEREFORE, Plaintiff, BENNIE VENTO, JR. demands judgment against Defendants SUPERION, INC. and NOE RIVERE-CARDOZA in an amount in excess of the jurisdictional limits of this Court as well as punitive damages and costs concomitant with this lawsuit.

Respectfully submitted,

**SCHIFF GORMAN LLC**

By: s/Thomas G. Gorman
Counsel for Plaintiff

Thomas G. Gorman
**SCHIFF GORMAN LLC**
1 E. Wacker Dr., 11th Floor
Chicago, IL 60601
(312) 345-7210
tgorman@schiff-law.com

## AFFIDAVIT PURSUANT TO RULE 222(b)

Thomas G. Gorman, upon oath, states that if called will testify as follows:

I am one of the attorneys for the Plaintiff, VENTO.

I am familiar with the extent of damages suffered by VENTO; and

I reasonably believe that the total money damages suffered by him exceed $50,000.00 exclusive of costs.

s/Thomas G. Gorman

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure the undersigned certifies that, at this time, the statements set forth in this instrument are true and correct to the best of my knowledge, information and belief.

s/Thomas G. Gorman

432100D028                                                          Firm I.D. 36699

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| BENNIE VENTO, JR, ) | |
|            Plaintiff, ) | |
|            v. ) | No. 2018 L 009602 |
| SUPERION, INC, an Illinois corporation ) | |
| and NOE RIVERE-CARDOZA, ) | |
| individually and as agent of SUPERION, ) | |
| INC., ) | |
|            Defendants. ) | |

### NOTICE OF FILING

TO:    Mr. Thomas G. Gorman
        Schiff Gorman LLC
        1 E. Wacker Dr., 11th Floor
        Chicago, IL 60601
        (312) 345-7210
        tgorman@schiff-law.com

      YOU ARE HEREBY NOTIFIED that on October 30, 2018, there was filed with the Circuit Court of Cook County, Illinois, County Department, Law Division, Defendant Superion, Inc.'s Notice of Removal, a copy of which is attached hereto.

                                                                          _____
                                                                             Andrew R. Manno

### PROOF OF SERVICE

      I certify that I served this Notice by emailing a copy to each person to whom it is directed at the address above indicated on October 30, 2018, prior to 5:00 p.m.

                                                                          _____
                                                                             Andrew R. Manno

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison Street, Suite 2200
Chicago, IL 60606
Telephone: (312) 332-8520
arm@crayhuber.com



# Cook County SHERIFF THOMAS J DART



## Civil Process Service Lookup

**Search Results:**

| Sheriff # | Name | Address | Status |
|---|---|---|---|
| 02889226 | CARDOZA, NOE RIVERE | 4224 WENONHA AVE , STICKNEY, IL 60402 | NOT SERVED |

Reason not served:     No Contact
Date:     9/28/2018

Additional Remarks:

[ Search Again ]

By using this search tool, you acknowledge that you understand that it is solely your responsibility to verify any information you may obtain herein before relying on said information for any type of legal action.

Cook County Sheriff's Office Civil Division • 50 W. Washington, Room 701
Chicago, IL 60602 • **(312) 603-3365**

EXHIBIT 3